No. 25-11670

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

JAMES ELLARD,

    *Plaintiff-Appellant,*

*v.*

LPN B. CANNON

    *Defendant-Appellee.*

———————————————

On Appeal from the United States District Court
for the Middle District of Florida
No. 3:25-cv-281 (Hon. Marcia Morales Howard, Chief U.S. District Judge)

———————————————

**PETITION FOR PANEL REHEARING**

———————————————

Samuel Weiss
RIGHTS BEHIND BARS
1800 M Street NW, Front 1 #33821
Washington, DC 20033
202-455-4399
sam@rightsbehindbars.org


    *Counsel for Plaintiff-Appellant James Ellard*

February 25, 2026

# CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Local Rules 26.1-2, Plaintiff-Appellant certifies that the following persons have or may have an interest in the outcome of this case or appeal:

1. Barksdale, Patricia D. – Magistrate Judge

2. Cannon, LPN B. – Defendant

3. Ellard, James, Appellant;

4. Howard, Marcia Morales – United States District Judge, Middle District of Florida;

5. Weiss, Samuel of Rights Behind Bars – attorney for Plaintiff/Appellant Ellard

Plaintiff-Appellant further states that no publicly traded company or corporation has an interest in the outcome of the case or appeal.

Dated: February 25, 2026

/s/ *Samuel Weiss*
Samuel Weiss

*Counsel for Plaintiff-Appellant*

i

## TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT ..................................................................................i

RULE 40(b)(1) STATEMENT ..................................................................................1

PRIOR PROCEEDINGS AND DISPOSITION OF THE CASE ............................1

ARGUMENT .............................................................................................................3

CONCLUSION .........................................................................................................7

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

## RULE 40(b)(1) STATEMENT

The panel opinion made an error of both law and fact when it dismissed James Ellard's ADA damages claim. The opinion held that he had forfeited any argument that the public entity Defendant to his disability law claim was deliberately indifferent to the legal violation by failing to challenge the district court's conclusion to the contrary. This involved a factual error—the district court made no such holding. It also involved a legal error—the apparent conflation of individual-capacity deliberate indifference under the Eighth Amendment with official-capacity deliberate indifference under disability law. This Court should grant the petition and remedy its error.

## PRIOR PROCEEDINGS AND DISPOSITION OF THE CASE

James Ellard is incarcerated in Florida. He has a number of serious ailments. He cannot reliably stand or walk, has had four heart attacks and three strokes, and suffers from Chronic Obstructive Pulmonary Disease (COPD) and bronchitis. App. 14.

On March 21, 2025, Ellard filed a *pro se* complaint alleging that he requested a number of necessary disability accommodations and did not receive them, including a functioning wheelchair, a wheelchair lapboard, accessible hygiene facilities, an inmate assistant, and a foam pad for his hip. App. 6–7; App. 14; App. 25.

In screening the *pro se* complaint for frivolity, the district court spent several pages explaining why Ellard's allegations did not meet the high bar of the Eighth Amendment. App. 49–57. Under the Eighth Amendment, Ellard had to plead that Defendant, in her individual capacity, was deliberately indifferent (the subjective prong of the Eighth Amendment) to a serious medical need (its objective prong). Ellard, the district court wrote, had failed to do so. Some of his allegations, the court explained, were unrelated to Defendant and some of his medical issues failed to describe a serious medical need. App. 57. In a single sentence, the court then dismissed his ADA claim: "To the extent Ellard attempts to raise an ADA claim against Defendant in her individual capacity, such claim fails because only public entities can be liable under the ADA." App. 58.

This Court reversed, holding that the district court's terse basis for the dismissal of Ellard's ADA claim was incorrect. Op. 7. It also held, however, that Ellard could pursue only equitable relief on remand and not monetary relief. *Id.* Disability law has a strict liability regime for equitable relief but requires a showing of deliberate indifference for damages. *Id.* This Court wrote that the "district court found that Ellard did not allege deliberate indifference, a finding he does not challenge on appeal, nor does his complaint allege intentional discrimination as noted above." *Id.*

# ARGUMENT

The panel erred in holding that Ellard cannot seek compensatory damages. To receive compensatory damages under Title II of the ADA, a plaintiff must show that a defendant acted with "deliberate indifference" to the plaintiff's statutory right to accommodation. *Silberman v. Miami-Dade Transit*, 927 F.3d 1123, 1134 (11th Cir. 2019). That is, that defendants "knew that harm to a federally protected right was substantially likely and failed to act on that likelihood." *Id.*

This ADA deliberate indifference analysis is entirely distinct from the question of whether a defendant acted with deliberate indifference to a serious medical need under the Eighth Amendment. Both standards contain the same *mens rea* requirement, deliberate indifference, but evaluate whether this *mens rea* has been adequately alleged with respect to different legal wrongs. *See Liese v. Indian River Cnty. Hosp. Dist.*, 701 F.3d 334, 344 (11th Cir. 2012) (observing that the deliberate indifference inquiry in an Eighth Amendment medical care claim presented "another context" from the disability discrimination question at issue).[1] The district court was therefore correct in its Eighth Amendment analysis to consider whether Cannon was

---

[1] The ADA and the Eighth Amendment are not the only legal standards that use deliberate indifference as the *mens rea*. *See, e.g.*, *Connick v. Thompson*, 563 U.S. 51, 61 (2011) (applying the standard for a constitutional violation based on a municipality's inadequate training); *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 410 (1997) (same but for inadequate hiring).

3

deliberately indifferent *to* a serious medical need, writing that she was not, as his hip pain and sores were too minor "to cross the constitutional threshold of an Eighth Amendment claim." App. 57. The ADA, however, requires no showing of a serious medical need and has no constitutional thresholds to cross.

Nor is the substantive law the only difference between one deliberate indifference determination and the other; they apply to different defendants. Ellard's Eighth Amendment damages claim was, as necessary for reasons of sovereign immunity, against an individual-capacity defendant. The district court was therefore correct to consider, for example, that "some of [Ellard's] allegations ha[d] no connection to Defendant." App. 57.

ADA claims are—again, by definition—against public entities. The legal question is whether the public entity is deliberately indifferent, not the individual.[2] The determination that Cannon was not deliberately indifferent to a serious medical need personally cannot demonstrate that the public entity was not deliberately indifferent to the risk of an ADA violation.

The panel therefore erred when it relied on the district court's holding that Ellard had not alleged deliberate indifference to his Eighth Amendment rights

---

[2] That Ellard styled his complaint as against Cannon in her official capacity rather than identifying the public entity directly is of no consequence. "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office … it is no different from a suit against the State itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

against Cannon in her individual capacity to conclude that he had not alleged deliberate indifference under the ADA. Op. at 7 ("The district court found that Ellard did not allege deliberate indifference, a finding he does not challenge on appeal…"). The district court only analyzed deliberate indifference in the Eighth Amendment context; it never considered whether Ellard had sufficiently alleged deliberate indifference to his federally protected rights under disability law. *Compare* App. 54–57 (analyzing Ellard's Eighth Amendment claim and holding he did not allege "subjective recklessness"), *with* App. 58 (considering Ellard's ADA claim with no mention of compensatory damages, intentional discrimination, or deliberate indifference). Since the district court made no holding on this issue, Ellard was not required to raise it on appeal. *See United States v. Brown*, 348 F.3d 1200, 1212 (10th Cir. 2003) (explaining that appellants do not forfeit arguments that "do not relate to the basis of the district court's ruling" by not raising them in an opening brief); *Hussein v. Oshkosh Motor Truck Co.*, 816 F.2d 348, 359 (7th Cir. 1987) (Posner, J., concurring) ("An appellant is not required to anticipate and rebut in his opening brief every possible ground for affirmance … It is enough if the appellant contests the grounds on which the district court actually decided the case against him").

Further, Ellard did allege facts sufficient to show deliberate indifference under the ADA. Again, he must show that defendants "knew that harm to a federally protected right was substantially likely and failed to act on that likelihood."

5

*Silberman v. Miami-Dade Transit*, 927 F.3d 1123, 1134 (11th Cir. 2019). And he must allege that the deliberately indifferent actor is one "who at a minimum has authority to address the alleged discrimination and to institute corrective measures on the [entity's] behalf" *Id.*

Ellard's allegations regarding ADA Coordinator Cannon's resolution of his requests for a lapboard and inmate assistant show both that she understood his need for the accommodations and failed to comply with her statutory duty to provide them. Specifically, Cannon, acting as the ADA Coordinator, initially stated that these accommodations would "need to be reordered," stating no objection to their necessity and reasonableness. App. 14; App. 43. Yet, at a subsequent "quarterly ADA meeting," Cannon flatly denied both requests, telling Ellard he "would not get [his] lapboard … back" and that the prison "do[es] not assign inmate assistants." App. 14. This type of blanket, unreasoned accommodation denial is a textbook violation of the ADA. *Harris v. Thigpen*, 941 F.2d 1495, 1527 (11th Cir. 1991) (explaining that accommodation requests made under federal disability statutes require "a particularized inquiry with full findings of fact"); *see also* App. 32–33 (DOC ADA policy, attached to Ellard's *pro se* complaint, listing valid reasons for denial of an accommodation under the ADA, all of which require specific factual findings). That Cannon, whose title indicates that she is responsible for coordinating disability accommodations, issued this blanket denial at a "quarterly ADA meeting,"

6

presumably the official forum at which accommodation requests are deliberated and decided, adequately alleges deliberate indifference to Ellard's right to an individual determination of his accommodation needs under the ADA. *See* Op. at 6 (explaining that the ADA requires providing accommodations when they are found to be both necessary and reasonable).

At the very least, Ellard should be given the opportunity to amend. "Where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018). Ellard's *pro se* complaint plainly has a possibility of stating a claim for damages.

## CONCLUSION

For the foregoing reasons, this Court should grant the petition for rehearing and hold that Ellard has stated a damages claim under the ADA.

February 25, 2026

                                      Respectfully Submitted,

                                      /s/ *Samuel Weiss*
                                      Samuel Weiss
                                      RIGHTS BEHIND BARS
                                      1800 M Street NW, Front 1
                                      #33821
                                      Washington, DC 20033

202-455-4399
sam@rightsbehindbars.org

*Counsel for Plaintiff-Appellant*

## CERTIFICATE OF COMPLIANCE

I certify that this petition complies with the type-volume, typeface, and type-style requirements of Rule 32(a) of the Federal Rules of Appellate Procedure and Rule 28-1(m) of the Eleventh Circuit Rules. This petition contains 1,587 words, excluding the parts of the document exempted by Fed. R. App. 32(f), as calculated in Version 15.26 of Microsoft Word for Mac 2016. It was prepared in 14-point font using Times New Roman, a proportionally spaced typeface.

/s/ *Samuel Weiss*
Samuel Weiss

## CERTIFICATE OF SERVICE

I certify that on February 25, 2026, I electronically transmitted the foregoing petition to the Clerk of the Court using the appellate CM/ECF System, causing it to be served on counsel of record, who are all registered CM/ECF users.

/s/ *Samuel Weiss*
Samuel Weiss